IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY MELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-599-DRH |
| ) | |
| CASANDRA WRIGHT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff Johnny Melton, an inmate in the Vandalia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; portions of this action are subject to summary dismissal.

### THE COMPLAINT

Reading the complaint in conjunction with the attached exhibits, the Court learns that Melton suffers from diabetes. Due to this condition, he also suffers from neuropathy in his left leg, causing him great pain when he walks. Melton alleges that the prison doctor, Defendant Rayford, will not provide him with any treatment for his neuropathy, as the insurance will not pay for that treatment. He further alleges that Defendant Magnus, the health care administrator at Vandalia will not allow Rayford to provide Melton with the necessary treatment. Finally, he states that he filed an emergency grievance with the warden, Defendant Wright, but did not receive his desired response. Melton states that he is in constant pain, and he fears that he could lose his leg to amputation. He seeks damages for his pain and suffering and, presumably, injunctive relief to obtain treatment for his condition.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician

> as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Applying this standard to the allegations in the complaint, the Court is unable to dismiss Melton's claims against Rayford or Magnus at this time.

His claim against the warden, though, is a different matter. Melton believes that because he notified Wright of his problems, she has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about

> a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *See Durmer v. O'Carroll*, 991 F.2d 64 (3$^d$ Cir. 1993).

*Burks*, 555 F.3d at 595.

Thus, under these standards, Melton has failed to state a claim against Wright, and she will be dismissed from this action with prejudice.

## APPOINTMENT OF COUNSEL

Melton also requests that the Court appoint him counsel (Doc. 4). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so.

Therefore, the motion for the appointment of counsel is **DENIED**, without prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendant **WRIGHT** is **DISMISSED** from this action with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of the claim against this defendant counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-

08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants **MAGNUS** and **RAYFORD** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **TWO (2)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for defendants **MAGNUS** and **RAYFORD**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on defendants **MAGNUS** and **RAYFORD** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.

Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 5, 2010.**

    /s/   DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**